UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| SMITH MARINE, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 11-11537-LTS |
| KYLE CONTI CONSTRUCTION, LLC, | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON DAMAGES AND PLAINTIFF'S FEE PETITION

September 4, 2013

SOROKIN, C.M.J.

Plaintiff Smith Marine, Inc. ("SMI") sued defendant Kyle Conti Construction, LLC ("KCC") for breaching its payment obligations under a Time Charter Party contract ("the Charter") pursuant to which SMI provided barges and work boats for a bridge remediation project KCC performed on the Delaware River. Doc. No. 1. After a period of discovery which included several depositions of KCC representatives by SMI's counsel, SMI moved for summary judgment. Doc. No. 27. The Court allowed SMI's motion, found KCC had breached the Charter, determined the Charter entitled SMI to the sum of its unpaid invoices along with interest and attorneys' fees and costs,[1] and directed the parties to submit further briefing regarding the

---

[1]The Charter explicitly delineated KCC's payment obligations and defined the scope of damages to which SMI is entitled as a result of KCC's breach of those obligations as follows:

> 8(e). Payments – Payments . . . shall be received within [thirty] days . . . from the date of receipt of the invoice. . . . If payment is not received by [SMI] within 10 banking days following due date, [SMI is] entitled to charge ***interest at the rate [of 18% annually]*** on the amount outstanding from and including the due date until payment is received. [KCC] agrees to pay ***any and all legal fees and costs***

calculation of these amounts.  Doc. No. 74.  The issue of damages now is fully briefed.  Doc. Nos. 75-79.

After carefully considering the parties' submissions, the Court awards SMI total contract damages in the amount of $285,958.20, plus an additional $82.25 per day from and including September 1, 2013 until payment is made.  This amount includes $166,813.84 in unpaid invoices, $73,752.36 in interest through August 31, 2013, $41,644.90 in attorneys' fees, and $3,747.10 in costs.  Each of these amounts will be explained below.

A. Unpaid Invoices

SMI has provided documentation showing the outstanding balances on six invoices, which KCC failed to pay either in part or in full, is $166,813.84.  See Doc. No. 76 at ¶¶ 2-8; Doc. Nos. 76-2, 76-3, 76-4, 76-5, 76-6, 76-7; see also Doc. No. 74 at 9-11 (describing all invoices and payments).  KCC does not dispute this figure; rather, it reiterates its disagreement with SMI's position – which is based on the explicit language of the Charter – that it was entitled to be paid for lay days incurred when SMI determined it could not safely operate the barges at certain times.  Doc. No. 78 at 1-2.  The Court previously has considered and rejected KCC's view, Doc. No. 74 at 20-25, and KCC has offered no justification for revisiting the issue now.  As such, the Court adopts SMI's assessment of the outstanding balance owed.

B. Interest

Next, SMI has explained its calculation of interest due pursuant to the Charter on each

---

incurred in securing or collecting any amount owed hereunder.

Doc. No. 28-1 at 3 (emphasis added).

unpaid invoice, Doc. No. 76 at ¶¶ 2-8, and also has provided a chart detailing its calculations, Doc. No. 76-1.  KCC has not objected to – or even addressed – SMI's interest calculations.  See generally Doc. No. 78.  As demonstrated on SMI's chart, the total amount of interest due as of the date of SMI's submission (August 2, 2013) was $71,367.11.  Id.  Additional interest accrues at a total rate of $82.25 per day.  See id. (sum of listed "per diem" rates).  Thus, over the remaining twenty-nine days in August, an additional $2,385.25 in interest accrued, for a total of $73,752.36.  That amount will continue to rise at the total "per diem" rate until KCC pays the judgment in this case.

    C.    Attorneys' Fees

SMI seeks a total of $41,304.90 in fees and has provided invoices and affidavits in support thereof.  See Doc. No. 76 at ¶ 9; Doc. No. 76-8 at 2-24; Doc. No. 77.  The fees include work done by SMI's lead counsel while working as a sole practitioner and, before that, as a partner at a small firm; by local counsel at a New Jersey law firm who assisted with record keeping and production in KCC's state of residence; and by counsel at a Pennsylvania law firm who assisted with a deposition that took place in Pittsburgh.  Doc. No. 77 at ¶¶ 3-6.  KCC has not objected to the fees charged by the New Jersey and Pennsylvania law firms.  See generally Doc. No. 78.  As such, the Court finds SMI is entitled to that amount, which totals $3,404.50.  See Doc. No. 76 at ¶ 9.

KCC does, however, object to the rate charged by SMI's lead counsel, the reasonableness of the hours expended, and the application of lead counsel's usual rate to "non-core" legal work.[2]

---

[2]The Court notes the language of the Charter permits the award of "any and all" legal fees, and does not explicitly contain the sort of "reasonableness" limitation on rate or hours that is typically incorporated into statutory fee-shifting provisions.  However, as the Court deems

Doc. No. 78 at 3.  Although it is true that lead counsel for SMI has not supported his fee request with affidavits from other lawyers attesting to the reasonableness of his rate, the Court has no difficulty concluding his rate is a reasonable one.  Lead counsel is an experienced maritime lawyer admitted to practice in the courts of two states, as well as four federal courts.[3]  Doc. No. 77 at ¶¶ 1-2.  His hourly rate – $170 while a partner at his previous firm, and $200 after his transition to his own practice – is far lower than those charged in this action by both partners and associates at the New Jersey and Pennsylvania firms involved (rates to which KCC has not objected).  See Doc. No. 76-8 at 3 (reflecting an hourly rate of $340 for counsel at the Pennsylvania firm); id. at 5 (reflecting hourly rates of $375 for a partner and $290 for an associate at the New Jersey firm).  Under these circumstances – and considering the high quality of counsel's written and oral advocacy in this action – the Court is satisfied that the hourly rates he seeks are reasonable.

KCC's remaining objections are stated rather summarily, without identifying any tasks which KCC believes could have been accomplished more expeditiously or should be viewed as "non-core" work.  See Doc. No. 78 at 3.  After carefully reviewing each entry on lead counsel's billing records, Doc. No. 76-8 at 11-24, the Court discerns none which appear unreasonable

---

both the rate charged and hours billed by SMI's lead counsel reasonable in any event, it need not render an opinion on whether the Charter limits the award of legal fees in such a way.

[3]Counsel's website further describes his experience and background, which includes having studied at the Massachusetts Maritime Academy and obtained a U.S. Coast Guard Engineer's License, and being named as an adjunct faculty member at New England School of Law.  See David S. Smith, Attorney At Law, http://www.maritimelawusa.com/david-s-smith (last visited Aug. 27, 2013).  His public LinkedIn profile reveals that he has been a practicing attorney specializing in admiralty law for more than fifteen years and is a member of various maritime-related organizations.  David Smith, Attorney at Law and Proctor in Admiralty, http://www.linkedin.com/pub/david-smith/8/104/13a (last visited Aug. 27, 2013).

either in length (considering the task involved), or in type of work (considering the nature of a small firm or solo practice). Under these circumstances, the Court will award SMI the full amount of attorneys' fees sought, i.e., $41,644.90. See Doc. No. 76 at ¶ 9 (showing $41,304.90 in fees before filing the fee petition); Doc. No. 79 at 3 (accounting for an additional $340 in fees related to the fee petition briefing).

      D.      Costs

Finally, SMI has offered documentation showing $3,747.10 in fees accumulated throughout this action. See Doc. No. 76 at ¶ 9; Doc. No. 76-8 at 4-5, 11, 14, 16-17, 21, 25-27, 29. KCC has not objected to the costs. See generally Doc. No. 78. Accordingly, the Court concludes SMI is entitled to the amount it claims.

For the foregoing reasons, the Court will enter a separate judgment in SMI's favor in the total amount of $285,958.20 (plus $82.25 per day from and including September 1, 2013 until KCC tenders payment), which includes all four components of the damages available due pursuant to the terms of the Charter (i.e., unpaid invoices, interest, fees, and costs).

                                                    SO ORDERED.

                                            /s/ Leo T. Sorokin
                                            Leo T. Sorokin
                                            Chief U.S. Magistrate Judge